UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN FLANAGAN as a Trustee of the
General Building Laborers' Local 66 Pension
Fund, et al.,

                        Plaintiff(s),

**REPORT AND**
**RECOMMENDATION**
CV 07-1879 (JS)(WDW)

      -against-

BRAGA CONTRACTING CORP., et al.,

                        Defendant(s).
------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs on the default of the defendants. Plaintiffs, Trustees of the General Building Laborers' Local 66 Pension, Welfare, Vacation, Annuity, Employer Cooperative and Educational Trust, Scholarship, Apprentice-Training, State Health and Safety, Legal, and Safety Funds ("the Funds"), seek a judgment compelling the defendants, Braga Contracting Corp. and Victor Costa (collectively "Braga"), to pay delinquent contributions, along with interest and penalties. For the reasons set forth herein, the undersigned recommends that plaintiffs be awarded $9,839.31 in unpaid contributions, $2,398.62 in interest, $2,398.62 in liquidated damages, and $350.00 in costs, for a total of $14,986.55.

### BACKGROUND

      This action was commenced on May 7, 2007 by Stephen Flanagan, as Trustee of the Funds, to recover delinquent fringe benefit contributions and union dues required to be paid pursuant to a Collective Bargaining Agreement ("the Agreement") between the parties. The

defendants have not answered the complaint or otherwise appeared in the action. On March 3, 2008, the plaintiffs moved for default, Docket Entry ("DE")[6], and on March 11, 2008, the Clerk of the Court noted the default. DE[7]. On April 8, 2008, District Judge Seybert granted the motion for a default judgment and referred the determination of appropriate damages to the undersigned. DE[9]. By letter dated July 23, 2008, the plaintiffs notified the court that they would rely on their papers in support of the motion for default judgment. No papers have been submitted by the defendants.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. The amount of damages can be determined without a hearing as long as the court satisfies itself, through review of documentary evidence or affidavits, that the amount is reasonable. *See Tranatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997).

Braga was a party to an Agreement with the plaintiff Funds that obligated it to submit contributions for fringe benefits for all hours of covered work performed by its employees to the plaintiffs . *See* Agreement, Pollock Aff. Ex. C, DE [12]. The plaintiffs performed a payroll audit of the defendant's books and records and allege that there are delinquent fringe benefit

contributions due and owing to the Funds from the defendants for the period January 29, 2003 through September 28, 2003. *See* Compl. ¶¶1-9, DE[1]; Pollock Aff. ¶13. Plaintiffs have provided an affidavit from Christine Pollock, Delinquency Coordinator of the Trust Funds, regarding her performance of an audit of defendants' records, as well as documentary evidence supporting an award in the amount of $9,839.31. *See* Pollock Aff., Exs. A, B. The undersigned thus recommends that the plaintiffs be awarded delinquent contributions in that amount.

Plaintiffs also seek prejudgment interest pursuant to the agreement and statute. *See* Agreement, Art. 6, §6(f)(B); 29 U.S.C. §1132 (g)(2)(B). The Agreement provides for payment of interest at the rate prescribed by 26 U.S.C. §6621. *See* Agreement, Art. 6, §6(e). Section 6621 states that the appropriate rate is determined quarterly by the Secretary of the Treasury, and plaintiffs have provided a Table of Interest Rates issued by the Internal Revenue Service indicating that the rate to be applied is 5%. *See* Pollock Aff., Ex. D. Accordingly, the plaintiffs here seek interest at the rate of 5%, applied on an annual basis and compounded daily, for a total of $2,398.62 through March 1, 2008. *See* Pollock Aff., ¶16. The undersigned recommends that plaintiffs be awarded interest in the amount of $2,398.62 through March 1, 2008, plus additional interest through the date of entry of judgment.

The Agreement also provides for the payment of "interest on the unpaid contributions as and for liquidated damages." Agreement, Art. 6, §6(f)(C). Accordingly, plaintiffs seek an additional $2,398.62 as liquidated damages. Pollock Aff. ¶17. The undersigned recommends that plaintiffs be awarded liquidated damages equal to interest in the amount of $2,398.62 through March 1, 2008, plus an additional amount through the date of entry of judgment.

Finally, plaintiffs are entitled to reasonable attorneys' fees pursuant to the Agreement and statute. *See* Agreement, Art. 6, §6(f)(D); 29 U.S.C. § 1132(g)(1). The party seeking

reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of hours spent and rates charged. *See generally, N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW,* 34 F.3d 1148, 1160-61 (2d Cir. 1994). Ultimately, the court must determine whether the fee sought is "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182, 184 (2d Cir. 2008).

Here, the plaintiffs seek $1,137.50 in attorneys' fees and $550.00 in costs. *See* Gryn Decl., ¶¶ 7-12 and Ex. E. In support of the request for attorneys' fees, plaintiffs submitted the affidavit of Alicia M. Gryn to which she attached what she purports to be "an itemization of time and services expended in the instant matter which represents the hours of services multiplied by a reasonable hourly rate." Gryn Aff., ¶7, DE [12]. The "itemization" is a single, handwritten ledger page three columns containing a date, a very brief description, and a number. Gryn Aff., Ex. E. Although Ms. Gryn identifies two attorneys in her affidavit, there is nothing on the "itemization" to indicate which attorney, if any, performed the work, nor is there anything to suggest that this sheet is a contemporaneous time record. Based on the Second Circuit's decision in *Carey*, the court must, therefore, deny the Trustees' request for an award of attorneys' fees due to their failure to properly document the application. *Carey*, 711 F.2d at 1147-48 ("any attorney– whether a private practitioner or an employee of a nonprofit law office– who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records"). In addition, the plaintiffs have not provided any documentation in support of their request for costs.

4

Nonetheless, the court will take judicial notice of the court's filing fee and award the plaintiffs $350.00 in costs.

## CONCLUSION

The undersigned recommends plaintiffs be awarded unpaid contributions, interest, liquidated damages, and costs totaling $14,986.55, broken down as follows:

- $9,839.31 in unpaid contributions;

- $2,398.62 in interest through March 1, 2008, plus additional interest through the date of entry of judgment;

- $2,398.62 in liquidated damages through March 1, 2008, plus additional liquidated damages through the date of entry of judgment; and

- $350.00 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being served on plaintiffs by electronic filing on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 23, 2009

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge